******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

McDONALD, J., concurring in the judgment. I concur in the result because I agree with the majority that the judgment of the Appellate Court should be reversed and the case remanded to the habeas court so that it can determine whether any grounds exist for it to decline to issue the writ of habeas corpus pursuant to Practice Book § 23-24. For the reasons stated in my concurrence in the companion case that we also decide today; see *Brown* v. *Commissioner of Correction*, 345 Conn. 1, , A.3d (2022) (*McDonald, J.*, concurring); I do not agree with the majority's conclusion that, if the writ is issued and the court thereafter dismisses the petition on its own motion pursuant to Practice Book § 23-29, the court need only provide the petitioner with notice and an opportunity to submit a written brief. As I discussed in detail in my concurrence in *Brown*, I believe that petitioners are also entitled to a hearing, as of right, prior to a court's dismissal of the petition pursuant to § 23-29. Because a habeas corpus action is a civil action; see, e.g., *Collins* v. *York*, 159 Conn. 150, 153, 267 A.2d 668 (1970); and because the habeas section of our rules of practice does not provide a "more specific [rule]," I would apply the "ordinary rules of civil procedure" to the present case. (Internal quotation marks omitted.) *Gilchrist* v. *Commissioner of Correction*, 334 Conn. 548, 555, 223 A.3d 368 (2020). The application of these rules leads to the conclusion that a habeas petitioner is entitled to notice, the right to submit a written opposition, and an opportunity to be heard before a petition may be dismissed pursuant to § 23-29. Accordingly, I respectfully concur in the judgment.

———————————————